OPINION OF THE COURT
John H. Wilson, J.
Preliminary Statement
These two matters present this court with an issue of first *919 impression: Where a disabled defendant is prepared to perform community service as his or her alternative sentence, what efforts must be made by the Kings County District Attorney to reasonably accommodate such a defendant?
Procedural History
(A) Mitchell Brathwaite
On September 17, 2005, defendant Brathwaite was charged with attempt to evade/defeat cigarette tax (Administrative Code of City of NY § 11-4012 [a] [1]), an unclassified misdemeanor, and related charges. On September 22, 2005, defendant entered a plea of guilty to the reduced charge of disorderly conduct (Penal Law § 240.20), a violation, and was sentenced to a conditional discharge, a specific condition being that defendant would perform three days of community service.
At the time of defendant Brathwaite’s plea and sentence, defendant notified the court that he suffered from a physical disability. As part of its order of alternative sentence, the court directed the Community Service Office of the Kings County District Attorney’s Office to “take account of [defendant’s] disability [and] to make assignment accordingly.” (See, alternative sentence order; minutes of Sept. 22, 2005 hearing at 4-5.)
On December 2, 2005, defendant appeared before this court to show proof that he had completed his assigned community service. The People informed the court that the defendant had failed to complete his community service; however, the record makes clear that no effort, reasonable or otherwise, had been made to accommodate the defendant. (See minutes of Dec. 2, 2005 hearing at 2.)
On December 8, 2005, defendant provided this court with proof of his disability, that being a letter from St. John’s medical office, indicated that defendant had suffered a gunshot wound to his right leg, and also suffered from arthritis. (See, minutes of Dec. 8, 2005 hearing at 2.) The People did not controvert, nor make any objection to the introduction of this evidence of defendant Brathwaite’s medical condition.
(B) Kasi Pearson
On September 28, 2005, defendant Pearson was charged with petit larceny (Penal Law § 155.25), a class A misdemeanor, and a related charge. On October 26, 2005, defendant entered a plea of guilty to the added charge of disorderly conduct (Penal Law § 240.20), a violation, and was sentenced to a conditional dis *920 charge, one condition being that she perform seven days of community service.*
Since defendant Pearson is employed, she requested, and received, permission to perform her community service on the weekends. The court’s notice of alternative sentence, which is addressed to the District Attorney’s Alternative Sentencing Unit, reflects this additional direction.
On December 1, 2005, defendant Pearson appeared before this court, and provided a note from her podiatrist, Dr. Brian J. Schultz, which indicated that defendant suffers from osteoarthritis of her right foot, and “must stay off her feet as much as possible.” (See, minutes of Dec. 1, 2005 hearing at 2.) As with defendant Brathwaite, the People did not controvert, nor make any objection to the introduction of this evidence of defendant Pearson’s medical condition.
At the request of the court, the director of the People’s Alternative Sentencing Unit appeared and stated for the record that their office did not have a site that can accommodate a disabled defendant assigned to perform community service. (Dec. 1, 2005 minutes at 5.) The director indicated that she had made her own efforts, “on a limited basis” by assigning some disabled defendants to work in her office shredding papers; however, this accommodation was only available during the week. There was no site available for a defendant assigned to perform community service on the weekends. (Dec. 1, 2005 minutes at 5-6.)
On the court’s own motion, both matters were adjourned for the court to consider what measures could be taken to arrange for each defendant to complete the community service they remained willing to perform. Counsel for each defendant, who are members of the Legal Aid Society, and the People, were invited to provide this court with any information or written motion they wished the court to consider.
To date, neither of defendants’ respective counsel, nor the People, have provided this court with their position in these matters.
Legal Analysis
After conviction for the charge of disorderly conduct pursuant to Penal Law § 240.20, a violation, there are several options available to the court. Incarceration for a period of time served *921 to 15 days is one possibility; a fine of up to $250 is authorized; an unconditional discharge; or a conditional discharge.
Regarding the conditional discharge, the court is free to impose whatever conditions it deems to be necessary and reasonable, so long as the defendant is made aware of these conditions. (See CPLR 410.10.) In practice, however, the most common condition imposed is that a defendant perform community service.
While the court sentences the defendant to perform community service as a condition of the defendant’s discharge, it is the Kings County District Attorney, through his Alternative Sentencing Unit, that actually assigns the defendant to the site where the defendant will perform and the days upon which the community service will be served.
The Alternative Sentencing Unit of the Kings County District Attorney provides the following statement of purpose:
“This unit is designed to facilitate sentencing of low-level criminal defendants to perform community service . . . District Attorney Hynes believes that prosecuting low-level offenders and putting them in jail is not the solution. Instead, he wants to rehabilitate these offenders and help them become productive citizens for our community.”
Clearly, the defendants presented herein are “low-level offenders” for whom, the District Attorney concedes, jail is not the proper sentence. Yet, both defendants allege that due to their physical infirmities, they have been unable to comply with the portion of their conditional discharge sentence which requires them to perform community service.
Under CPLR 410.20 (1), “[t]he court may modify or enlarge the conditions of a sentence of probation or of conditional discharge at any time prior to the expiration or termination of the period of the sentence.” Invoking this power, this court, on its own motion, must consider whether or not, under the circumstances presented herein, a modification of the sentences of these two defendants is necessary and appropriate.
The Americans with Disabilities Act (ADA), passed by the United States Congress in 1990, prohibits discrimination against individuals with disabilities, both physical and mental, in employment, public accommodations, and government services. 42 USC § 12101 (b) (1) and (2) state unequivocally the intentions of the United States Government; the purpose of the act is “to provide a clear and comprehensive national mandate for the *922 elimination of discrimination against individuals with disabilities,” and “to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.”
42 USC § 12131 (1) defines a public entity as “(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government.” In Tennessee v Lane (541 US 509, 530 [2004]), the United States Supreme Court held that passage of title II of the ADA constituted a valid exercise of Congress’ authority, meant to address the “history and pattern” of unequal treatment of persons with disabilities in the administration of state services and programs. The Supreme Court specifically ruled in Lane that, in cases involving the fundamental right of access to the courts, the ADA was to be applied “to enforce the guarantees of the Fourteenth Amendment.” (541 US at 534.)
42 USC § 12132 states that “no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.” In an effort to comply with this statute, the New York State Unified Court System specifically states that it is “committed to fostering compliance with the Americans with Disabilities Act and to providing services, programs and activities in a way that assures accessibility for all users of the courts, including qualified individuals with disabilities.” (See <http://www.courts.state.ny.us/accessibility/ index.shtml>, cached at <http://www.courts.state.ny.us/reporter/ webdocs/Accessibility.htmx)
Thus, there can be no doubt that not only was the ADA intended to apply to all of the lower and superior courts of New York State, the Unified Court System has stated their unqualified acceptance of the application of this law to our courts.
Further, the definition provided in 42 USC § 12131 (1) leaves no doubt that the Kings County District Attorney’s Office, and their Alternative Sentencing Program, also fit under the definition of a state “service [or] program” (42 USC § 12132). Thus, these entities are also required to avoid the exclusion of any qualified individual with a disability from participation in or the benefits of the services, programs, or activities offered by the District Attorney’s Office, by reason of such disability. (See, Allah v Goord, 405 F Supp 2d 265, 280 [SD NY 2005] [“The ADA allows for recovery where plaintiff ‘is being excluded from *923 participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability’ ”], citing 42 USC § 12132; Carrasquillo v City of New York, 324 F Supp 2d 428, 443 [SD NY 2004].)
However, even if community service is a state service to which access for the disabled must be made, a preliminary question must be answered — are these defendants “qualified individual[s] with a disability” (42 USC § 12132)?
42 USC § 12102 (2) defines “disability” as “(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment.” Whether or not a person is “disabled” within the meaning of this statute is always a threshold question. (See, Barnes v Northwest Iowa Health Ctr., 238 F Supp 2d 1053, 1067 [ND Iowa 2002].)
Both defendants herein have presented medical evidence to indicate that each suffers from arthritis. While such an affliction may not constitute a disability (see, Moore v J.B. Hunt Transp., Inc., 221 F3d 944 [7th Cir 2000]), this is a question of fact to be determined by either the finder of facts (i.e., a jury) or, in this instance, the court. (See, Barnes, 238 F Supp 2d at 1077, distinguishing Moore.)
Pursuant to GPL 410.20, prior to making any modification of these defendants’ sentences, this court reviewed each defendant’s evidence of their disability. (See, Pearson minutes, Dec. 1, 2005 hearing, at 2; Brathwaite minutes, Dec. 8, 2005, at 2.) The People were present when each defendant presented his proof, and at no time did the People make any objection to the evidence provided to the court.
Therefore, in light of the People’s failure to object to the evidence of disability provided by each defendant, this court holds that defendants Brathwaite and Pearson are both considered to be disabled under the definition of 42 USC § 12102 (2) (C). As such, both are entitled to not be denied participation in “state services and benefits.”
As the provider of a “state service or benefit,” the Kings County District Attorney must “mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability .'. . unless [the provider of the state service or benefit] can demonstrate that the accommodation would impose an undue hardship on the *924 operation of the business of [the provider].” (Barnes, 238 F Supp 2d at 1067, citing Heaser v Toro Co., 247 F3d 826, 830 [8th Cir 2001].)
Both defendants herein have indicated that they remain willing to perform the community service portion of their conditional discharges. Yet, the Alternative Sentencing Unit of the Kings County District Attorney informs this court that they have not made any reasonable accommodation for these disabled defendants to complete their sentences. In fact, from the testimony gathered by this court from the director of the Alternative Sentencing Unit of the Kings County District Attorney, only an ad hoc attempt is made to accommodate individuals with disabilities, and that effort is only made on a limited basis during the week.
Thus, a person such as defendant Pearson, who has received permission to perform her community service on the weekends, has no chance of any accommodation, reasonable or otherwise, while defendant Brathwaite can only hope that someone else is not assigned to shred documents in the Alternative Sentencing Unit before he appears for his community service assignment.
This state of affairs is unacceptable to this court. It is clearly not consistent with the stated goals of the New York State Unified Court System to make reasonable accommodations to persons with disabilities, and it is not in accordance with the Kings County District Attorney’s desire to rehabilitate low-level offenders.
Thus, the central question is reached — if the District Attorney’s Office does not provide any reasonable accommodation for disabled persons to comply with a sentence of community service, how is this court to provide such offenders with equal access to these state services and benefits?
The usual context for the consideration of this issue is a lawsuit filed by an aggrieved party, who seeks redress through either monetary compensation, or injunctive relief for the violation of his or her rights under the ADA. As noted in Carrasquillo (supra), such a claim is actionable under the United States Supreme Court decision in Lane (supra), which upheld the ADA’s “abrogation of a State’s Eleventh Amendment immunity, and finding that liability extends to include state and local governments, as well as their agencies and instrumentalities.” (324 F Supp 2d at 442.) However, the situation presented here is not the same as in Carrasquillo, where a prisoner asserted that he was being denied access to prison facilities such as the *925 law library, or Allah (supra), where another prisoner claimed that he was being denied medical treatment.
In fact, the claim here is more analogous to the facts presented in Lane itself. There the plaintiff, a paraplegic, was denied access to the state court facility; the county courthouse had no elevator, and the plaintiff, a defendant in a criminal action, could not get to the courtroom without crawling up the stairs, or being carried up by court officers. (541 US at 514.) The defendant is willing to answer the charges, but finds his way to the courtroom is physically blocked.
If the Kings County District Attorney does not make available a reasonable accommodation for disabled defendants who are sentenced to perform community service, then defendants Pearson and Brathwaite are just as barred from receiving the justice of the court as if the doors of the courtroom were locked.
Therefore, in an effort to provide these disabled defendants with equal access to the court and to effectuate the stated goals of both the New York State Unified Court System, and the Kings County District Attorney, the People are directed to make all reasonable efforts to accommodate defendants Pearson and Brathwaite and provide them a site, both on weekends and weekdays, where they may comply with the court’s order, and perform community service.
These matters are adjourned until April 7, 2006. If by that date these defendants have not been reasonably accommodated, and there continues to be no site available, pursuant to CPL 410.20, the condition of each defendant’s sentence is modified, and the requirement of community service is vacated.
Any other and further relief sought on behalf of these defendants, or those similarly situated, will have to be addressed upon the proper application, in the proper forum.

 Defendant was also required to pay $490 in restitution. As of her last court appearance, defendant has paid the required restitution amount in full.